Paola Fidelia **GUTIERREZ–GONZALES,** Petitioner,

v.

Eric H. **HOLDER,** Jr., Attorney **General,** Respondent.

No. 10–71400.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2013.*

Filed April 22, 2013.

Mardy Sproule, Esquire, Law Offices of Mardy M. Sproule, Commerce, CA, for Petitioner.

OIL, Katharine Clark, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Paola Fidelia Gutierrez–Gonzales, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider and to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discretion the BIA's denial of a motion to reconsider or to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Gutierrez–Gonzales's motion to reconsider where she failed to allege any error of law or fact in the BIA's underlying decision. *See* 8 C.F.R. § 1003.2(b)(1). Gutierrez–Gonzales's contention that the BIA failed to provide a reasoned explanation for its decision is not persuasive. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010) ("[t]he [BIA] does not have

to write an exegesis on every contention.") (internal quotations omitted).

The BIA also did not abuse its discretion in denying Gutierrez–Gonzales's motion to reopen as untimely where the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Gutierrez–Gonzales failed to present sufficient evidence to qualify for any of the regulatory exceptions to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c).

Finally, we lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).